<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 21, 2026

Vito Manente
1705 Manhattan Avenue
Union City, NJ 07087
*Pro se Plaintiff*

Joshua D. Zimberg
DOJ – Tax
Civil Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:  *Vito Manente v. United States*, Civ. No. 24-5323 (SDW) (MAH)**

Parties:

Before this Court is the Government's Motion to Dismiss (D.E. 31 ("Motion")) *pro se* Plaintiff Vito Manente's Amended Complaint (D.E. 21) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).  For the reasons set forth herein, Defendant's Motion is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND[1]**

On April 18, 2023, Plaintiff Vito Manente ("Plaintiff") filed a Form 1040 – U.S. Individual Income Tax Return for the 2022 tax year.  (D.E. 31-3, Ex. 1 at 2.)  On the Form 1040, Manente represented he had made "0" dollars for his total income and that he was owed a $9,223 tax refund. (*Id.* at 2–3.)  Manente's total income calculation was based on a statement attached to Form 1040 that claimed wages are not income.  (*Id.* at 19–21.)

---

[1] This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

On April 11, 2024, the Internal Revenue Service ("IRS") sent Manente a form letter (Letter 3176C) notifying him that his return had been rejected, and thus not filed, because the "purported tax return . . . claimed one or more frivolous positions or reflected a desire to delay or impede administration of the tax laws." (D.E. 31-4, Ex. 2 at 2.)  The letter alerted Plaintiff that failure to "immediately correct [his] return" would result in a $5,000 penalty assessment against him.  (*Id.*)  The letter explained that federal courts routinely considered and rejected positions like those of Plaintiff.  (*Id.*)  The IRS instructed Plaintiff to withdraw his frivolous purported tax returns within thirty days of the letter.  (*Id.*)  On April 22, 2024, Plaintiff confirmed receipt of this form letter and refused to withdraw his Form 1040, instead requesting an appeal conference or hearing and a response detailing how his returns were frivolous.  (D.E. 31-6, Ex. 4 at 1.)

Plaintiff initiated the instant lawsuit against Defendants the IRS, the IRS Commissioner, and the United States of America (collectively, "Defendants" or "the Government") on April 19, 2024.  (D.E. 1.)  On January 15, 2025, he filed an Amended Complaint.  In the Amended Complaint Plaintiff claims he submitted the following documents to the IRS:  1040 filing for tax year 2022; IRS Form 4852; and a "Notice" to inform the IRS "that 'receipts' to this Plaintiff did not represent gains, profits, or 'income' made or in the course of a 'trade or business' as constituted within the meaning of the law."  (D.E. 21 ¶¶ 5, 7.)  Plaintiff claims he is owed a $9,223 refund but that the IRS has failed to process his return, let alone provide any communications as to the status thereof.  (*Id.* ¶¶ 10, 13.)

The United States, as the real party in interest, moves to dismiss Plaintiff's Amended Complaint with prejudice.  The parties timely completed briefing.  (D.E. 31, 34, 40.)

## II.   **DISCUSSION**

When faced with a Rule 12(b)(1) motion, a district court must first determine whether the motion presents a "facial" or "factual" attack on the claims at issue.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'"  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Pretuska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).  A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'"  *Id.* (alteration in original) (quoting *Aichele*, 757 F.3d at 358).

With a factual attack, the court is free to "look beyond the pleadings" and weigh the evidence submitted to ascertain the facts.  *Aichele*, 757 F.3d at 358.  Initially, the defendant bears the burden of production to establish a factual challenge.  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018).  Once the defendant raises a factual challenge, the plaintiff then bears the burden of proof to establish jurisdiction, or its absence, by a preponderance of the evidence.  *Id.*

The Government moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  (D.E. 31-1 at 6.)  This Court construes the Government's Motion as a factual attack.  Plaintiff bears the burden of proof to establish jurisdiction pursuant to 28 U.S.C. § 1346 or 26 U.S.C. § 7426 by a preponderance of the evidence.  (D.E. 21 at 1; D.E. 34 at 5.)  This Court addresses the merits of Plaintiff's jurisdictional claims in turn, and finding no proper basis for jurisdiction dismisses the instant action.

### A.  28 U.S.C. § 1346(a)(1)

Section 1346(a)(1) confers district courts with original jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."  28 U.S.C. § 1346(a)(1).  Yet this statutory grant of original jurisdiction is subject to sovereign immunity.  *See United States v. Sherwood*, 312 U.S. 584 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citations omitted).  Absent an "unequivocally expressed" waiver, sovereign immunity applies.  *See United States v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)).  Section 1346(a)(1) is one of those limited circumstances, but for a district court to entertain an action premised on § 1346, "a taxpayer must pay the full amount of a tax assessment or penalty" before challenging its validity.  *Psaty v. United States*, 442 F.2d 1154, 1158 (3d Cir. 1971).  Here, Plaintiff's failure to file a proper Form 1040 and pay his 2022 taxes divests this Court of subject matter jurisdiction as sovereign immunity applies.  *See id.*

### B.  26 U.S.C. § 7426

Section 7426 of the Internal Revenue Code authorizes civil suits against the Government for alleged wrongful levies and other actions by "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on" property levied or sold pursuant to a levy.  26 U.S.C. § 7426.  This Section is not a proper basis for subject matter jurisdiction in this case for two reasons.  First, Plaintiff's Amended Complaint does not set forth any allegations concerning levied property or property sold pursuant to a levy.  Second, Plaintiff brings the suit on his own behalf, rendering § 7426 inapplicable.

### IV.    CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.[2]  An appropriate order follows.

---

[2] A district court may deny leave to amend where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).  This Court takes judicial notice of the other five matters pending in this District in which Plaintiff has unsuccessfully brought similar frivolous claims. *See, e.g.*, *Manente v. United States*, No. 23-

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:       Parties
            Michael A. Hammer, U.S.M.J.

---

1046, 2025 WL 79697, at *1 (D.N.J. Jan. 13, 2025) (analyzing Manente's claim that the IRS failed to recognize his legally filed tax return for 2019 and granting the Government's motion to dismiss for lack of subject matter jurisdiction); *Manente v. Bluemel*, No. 19-9665, 2020 WL 7028551, at *1 (concerning tax liability for 2012 through 2016).  Plaintiff's position has been considered and rejected multiple times, such that this Court concludes the instant action was brought in bad faith and that granting leave to amend would be futile.

Further, given this Court's lack of jurisdiction over the matter, Plaintiff's Motions (D.E. 36, 41) are rendered moot and need not be addressed.

4